UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS J. SACCOIA,
    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,
    Defendant.

C.A. No. 17-470-JJM-PAS

## ORDER

Dennis J. Saccoia filed an age discrimination case against Metropolitan Life Insurance Company ("Met Life") under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and two state statutes. Met Life moves to dismiss, arguing that Mr. Saccoia fails to adequately plead plausible facts to assert that Met Life discriminated against him based on his age. ECF No. 7.

The facts as alleged by Mr. Saccoia in his Complaint are as follows: Mr. Saccoia completed an application and questionnaire for employment with Met Life. Brian Falconer of Met Life asked Mr. Saccoia about his age. Mr. Saccoia was 68 years old. Met Life made an offer of employment that was accepted by Mr. Saccoia. Mr. Saccoia was requested to complete certain licensing procedures that Mr. Saccoia did to be licensed in life and health insurance by the State of Rhode Island. Mr. Saccoia attended several seminars, went on sales calls, and began to prepare for exams. Mr. Saccoia was required to have the sponsorship of an agency. Mr. Saccoia was prepared to take the exam but was not contacted to take the exam for six to eight

weeks. Mr. Saccoia received an email from Met Life stating it would not sponsor him to take the license exams. Mr. Saccoia alleges that based on Mr. Saccoia's age, Met Life decided not to employ Mr. Saccoia. Mr. Saccoia at all times was qualified to take and pass exams to be licensed by the State of Rhode Island. Mr. Saccoia believes the decision not to employ him was made by Met Life because of his age, that the decision by Met Life was based in impermissible considerations regarding age, and that Met Life falsely stated Mr. Saccoia did not perform satisfactorily on a test as the pretextual reason for Met Life's failure to employ Mr. Saccoia.

Met Life argues that Mr. Saccoia fails to allege any plausible facts to support his allegation that he was dismissed based on his age. It cites the federal *Iqbal/Twombly* standard as support for its Motion to Dismiss.

In reviewing a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the factual allegations of the Complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable." *Id.*

However, post-*Iqbal/Twombly*, a plaintiff's complaint "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A plaintiff must provide more

2

than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Mr. Saccoia fails to allege any facts that would support the allegation that he was fired based on his age. The single fact alleged concerning Mr. Saccoia's age is that his prospective employer asked him his age *before* he was hired—and he was nonetheless hired. There are no factual allegations that Met Life's subsequent decision not to sponsor him for the state exam was in any way based on his age. Bald assertions of legal conclusions concerning causation are insufficient to withstand a motion to dismiss.

Because Mr. Saccoia's Complaint fails to allege any plausible facts that his firing was based on his age, he fails to state a claim upon which relief can be granted. Therefore, Met Life's Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

November 27, 2017

3